**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No. 04-CR-168-HDC |
| | ) |
| **BARRY WINFIELD CONE,** | ) |
| | ) |
| **Defendant.** | ) |

## MEMORANDUM OPINION

This matter came before the Court for a hearing on Defendant Barry W. Cone's Motion to Dismiss Based on Speedy Trial [Dkt. #11] on May 26, 2006. The Court denied Cone's motion in open court, and this memorandum opinion memorializes the Court's reasons for denying the motion.

Cone pled guilty to one count of bank fraud in 1999. Judge Holmes sentenced Cone to 22 months imprisonment and 5 years supervised release. The U.S. Probation office filed a petition on supervised release alleging that Cone violated the condition of supervised release that he not commit any further crimes. Judge Holmes scheduled and re-scheduled hearings on the petition on supervised release, finally settling on April 18, 2003. Cone did not appear at the hearing, and Judge Holmes issued a bench warrant. Cone was arrested in the Middle District of Tennessee in September 2003. On July 13, 2004, Judge Holmes entered judgment revoking Cone's supervised release and sentenced him to 36 months imprisonment.

The Grand Jury returned the instant Indictment against Cone on October 7, 2004, during Cone's incarceration. The Court issued an arrest warrant on October 8, 2004. A detainer issued on January 5, 2005 and was served on Cone on January 10, 2005. The detainer contained language under the Interstate Agreement on Detainers ("IAD"). Cone did not indicate "do" or "do not" in the

paragraph that allowed him to demand a speedy trial. The U.S. Marshal Service arrested Cone on April 3, 2006 at the Federal Transfer Center in Oklahoma City and transported him to this district.

Cone argues that he is entitled to dismissal under the Speedy Trial Act and under the Sixth Amendment's Speedy Trial Clause. Cone attached a pro se speedy trial demand to his motion. Cone claims that he mailed the speedy trial demand, dated January 29, 2005, through the prison mail system to the United States Attorney and to the Court. Neither the Government nor the Court received the demand.

Cone agreed at the hearing that the Speedy Trial Act provision applicable to this case is 18 U.S.C. § 3161(j), which provides that:

> (1) If the attorney for the Government knows that a person charged with an offense is serving a term of imprisonment in any penal institution, he shall promptly–
>
>     (A)   undertake to obtain the presence of the prisoner for trial; or
>
>     (B)   cause a detainer to be filed with the person having custody of the prisoner and request him to so advise the prisoner and to advise the prisoner of his right to demand trial.
>
> (2) If the person having custody of [the prisoner charged with an offense] receives a detainer, he shall promptly advise the prisoner of the charge and of the prisoner's right to demand trial. If at any time thereafter the prisoner informs the person having custody that he does demand trial, such person shall cause notice to that effect to be sent to the attorney for the Government who caused the detainer to be filed.
>
> (3) Upon receipt of such notice, the attorney for the Government shall promptly seek to obtain the presence of the prisoner for trial.

Cone first argues that the Government did not act promptly under § 3161(j)(1)(B) in filing its detainer. The Government filed the Indictment on October 7, 2004. The detainer issued 3 months later on January 5, 2005. The Court cannot say that a delay of 3 months is not prompt action

for purposes of the statute, and Cone made no argument or showing of how he was prejudiced by the 3 month delay. Accordingly, this argument fails.

Cone next argues that his pro se speedy trial demand is entitled to the benefit of the mailbox rule under *United States v. Gray*, 182 F.3d 762, 766 (10th Cir. 1999) because the Federal Transfer Center does not have a system of prisoner legal mail that logs each piece of mail. In some circumstances, a prisoner may receive the benefit of the mailbox rule even if his pleading is never filed, so long as the prisoner proceeds with diligence to bring his claims before the court. *Huizar v. Carey*, 273 F.3d 1220, 1223 (9th Cir. 2001). However, in the prisoner litigation context, the mailbox rule is an equitable tolling doctrine that allows a court to dispose of a motion for relief that would otherwise be untimely. To the Court's knowledge, the rule has never been extended to trigger a time period for taking some act. That is, the rule is in the nature of a deadline extender, not a deadline invoker. Therefore, Cone is not entitled to the benefit of the mailbox rule to deem his speedy trial demand filed.

Cone also argues that he is entitled to relief under 18 U.S.C. 3161(j)(2) because he informed prison officials of his desire for a speedy trial, and the officials did not notify the Government of his desire. The Court is not aware of any cases under this section that would entitle a prisoner to a deemed finding that his speedy trial demand was filed when he alerted prison officials to his desire for a speedy trial. *Cf. United States v. Ross*, 243 F.3d 375, 378 (10th Cir. 2001) (holding that despite the Interstate Agreement on Detainers' requirement that prison officials notify the prosecuting attorneys of the prisoner's speedy trial demand, such demand is not effective until received) (following *Fex v. Michigan*, 507 U.S. 43, 52 (1993)). In any event, the Government should not be prejudiced for a prison official's failure. This argument therefore fails.

Finally, there is the matter of the Sixth Amendment. Cone cannot prevail under his constitutional argument for the same reason that he cannot prevail under the Speedy Trial Act: no demand was ever presented to the Court. *Pietch v. United States*, 110 F.2d 817, 819 (10th Cir. 1940).

For the reasons discussed, the Court **DENIED** Cone's Motion to Dismiss Based on Speedy Trial [Dkt. #11].

**DATED** this 5th day of June, 2006.

HONORABLE H. DALE COOK
Senior United States District Judge